KAMER ZUCKER ABBOTT
Carol Davis Zucker    #2543
Timothy W. Roehrs    #9668
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendant
Get Fresh Sales, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT L. BETTS,  <br><br>    Plaintiffs,  <br><br>vs.  <br><br>GET FRESH SALES, INC., a Nevada corporation,  <br><br>    Defendants. | CASE NO. 2:10-cv-01135-LRH-LRL  <br><br>**DEFENDANT'S MOTION TO EXTEND DISCOVERY AND OTHER DESIGNATED SCHEDULING ORDER DEADLINES NINETY (90) DAYS**  <br><br>**First Request** |

Defendant Get Fresh Sales, Inc. (hereinafter "Defendant") by and through its counsel of record, the law firm of Kamer Zucker Abbott, hereby moves this Court to extend discovery for ninety (90) days, up to and including April 11, 2011. In addition, Defendant requests that other designated deadlines established by this Court's August 26, 2010 Discovery Plan and Scheduling Order be similarly extended for ninety (90) days as outlined herein.

Defendant has been diligent in conducting discovery, but has been unable to complete discovery due to delays occasioned by the withdrawal of Plaintiff Robert L. Betts' ("Plaintiff") counsel and the conduct of Plaintiff and his failure to prosecute his case since the Stay Ordered by the Court, subsequent to Mr. Dickerson's withdrawal, was lifted on November 1, 2010. Plaintiff agreed to the ninety (90) day discovery extension but Defendant has been unable to obtain an executed stipulation from Plaintiff. **Exhibit 1**, Affidavit of Counsel; **Exhibit 2**, December 20, 2010 Letter of Timothy W. Roehrs, Esq.

This motion is based upon the following points and authorities, the papers and pleadings on file and any argument the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction And Case History.

Plaintiff's Complaint was filed on June 2, 2010. Docket No. 1. At the time that Plaintiff's Complaint was filed, he was represented by counsel, Mr. Jeffrey A. Dickerson, Esq. The parties filed a Stipulated Discovery Plan and Scheduling Order that was entered by the Court on August 26, 2010. Docket No(s). 14, 16.

Pursuant to the Stipulated Discovery Plan and Scheduling Order, the current deadline for discovery in this case is January 11, 2011. That Order set forth, *inter alia*, an expert disclosure deadline of November 12, 2010, a rebuttal expert disclosure deadline of December 13, 2010, and a dispositive motions deadline of February 10, 2011. Further, the deadline for the Pretrial Order is set for March 14, 2011, but if dispositive motions are filed, that deadline is suspended pursuant to LR 26-1(e)(5). See Docket No. 16.

Defendant has been diligent in participating in discovery since the early onset of this case. Defendant timely served its Initial Disclosures on August 26, 2010. Defendant also noticed Plaintiff's Deposition for September 14, 2010. **Exhibit 3**, Notice of Deposition. Subsequently, on September 13, 2010, Mr. Dickerson filed a Motion to Withdraw from the case. Docket No. 17. The Court granted Mr. Dickerson's Motion on September 15, 2010 and stayed all proceedings through October 31, 2010 to allow Plaintiff adequate time to seek and retain new counsel. Docket No. 19. The Court ordered that the stay would be automatically lifted on November 1, 2010; and that if Plaintiff was without counsel on that date he would be required to represent himself and participate in the discovery process. Id. Plaintiff's Deposition was taken off calendar following Mr. Dickerson's Motion to Withdraw. **Exhibit 4,** Carol Davis Zucker, Esq. E-mail of September 13, 2010.

///

///

///

II. **Since the Court's Stay Was Automatically Lifted, Plaintiff Has Yet To Cooperate In Discovery Or Proceed With Prosecuting His Case.**

On September 13, 2010, the same day that Plaintiff's counsel moved for withdrawal, Defendant received Plaintiff's Initial Disclosure pleading, which Defendant identified to be deficient and not in compliance with the Federal Rules of Civil Procedures, given that no witnesses were identified other than the Plaintiff and those that Defendant had identified in its timely disclosures. Moreover, Plaintiff's Initial Disclosures failed to provide any documents, instead only making reference to the documents that Get Fresh produced and the "EEOC file." **Exhibit 5**, Plaintiff's Initial Disclosures.

After the Court's stay was automatically lifted on November 1, 2010, no counsel appeared for Plaintiff and Plaintiff initiated no contact with Defendant. On November 9, 2010, Defendant wrote Plaintiff advising him that his Initial Disclosures required supplementation and asking that they be so supplemented by November 19, 2010. **Exhibit 6**, November 9, 2010 and November 17, 2010 Letters of Timothy W. Roehrs, Esq. No supplement has been received despite Defendant's repeated attempts to follow up. See **Exhibit 7**, November 30, 2010 Letter of Timothy W. Roehrs, Esq.

Also on November 9, 2010, Defendant propounded upon Plaintiff its First Set of Interrogatories and First Set of Requests for Production of Documents. **Exhibit 6**. Plaintiff's Response to Defendant's written discovery was due on December 13, 2010. As of December 16, 2010, when Defendant had not received Plaintiff's supplemental disclosures or Plaintiff's Responses to its First Set of Requests for Production of Documents or First Set of Interrogatories, counsel for Defendant contacted Plaintiff by phone and Plaintiff advised Defendant's counsel that the outstanding discovery would be sent by December 20, 2010. **Exhibit 8**, December 17, 2010 Letter of Timothy W. Roehrs, Esq. Defendants have not received the outstanding discovery as of the filing of this Motion.

III. **Good Cause Exists For A Ninety (90)-Day Extension To The Discovery And Related Deadlines.**

Good cause exists for Defendant's requested ninety (90) day discovery extension. Mr. Dickerson's withdrawal from this case necessitated a suspension in discovery activity, including postponement of Plaintiff's deposition. Moreover, the parties were unable to engage in any discovery

during the discovery stay. But even since, while Defendant has diligently tried to move discovery forward, it has been met with little cooperation from Plaintiff. **Exhibits 6-8**. Defendants are unaware as of the filing of this Motion if Plaintiff even intends to prosecute his case. Indeed, his actions or lack thereof suggest otherwise.

Unfortunately, despite Defendant's diligence, given the circumstances of this case and Plaintiff's failure to move this matter forward, very little discovery has been able to be completed. Defendant anticipates that, depending upon the information that it obtains from Plaintiff's supplemental disclosures and his written discovery responses, if they are served, the deposition of Plaintiff and potentially other witnesses may be required. Defendant cannot identify those witnesses at this time because it has not received Plaintiff's discovery. Additional written discovery, including Requests for Production of Documents, Interrogatories, and/or Requests for Admissions may also be required. Defendants may also serve supplemental disclosures it deems are necessary to rebut Plaintiff's allegations or those made by witnesses.

### IV. Defendant's Proposed Schedule Of Modified Discovery And Related Deadlines.

The following is a list of the current discovery deadlines and Defendant's proposed extended deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cutoff | January 11, 2011 | April 11, 2011 |
| Expert Disclosures | November 12, 2010 | February 10, 2011 |
| Rebuttal Expert Disclosures | December 13, 2010 | March 14, 2011 |
| Extensions or Modifications of the Discovery Plan and Scheduling Order | December 22, 2010 | March 21, 2011 |
| Dispositive Motions | February 10, 2011 | May 11, 2011 |
| Joint Pretrial Order | March 14, 2011 – deadline suspended pursuant to LR 26-1(e) if a dispositive motion is filed. | June 13, 2011 – deadline suspended pursuant to LR 26-1(e) if a dispositive motion is filed. |

///

///

///

**V.     Conclusion.**

Because good cause exists, Defendant respectfully requests that this Court extend the deadlines from the parties' Stipulated Discovery Plan and Scheduling Order, as is designated above, ninety (90) days.

DATED: December 22, 2010.

KAMER ZUCKER ABBOTT

By: _____
Carol Davis Zucker          #2543
Timothy W. Roehrs          #9668
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendant
Get Fresh Sales, Inc.

**ORDER**

**IT IS SO ORDERED.**

DATE: December 23, 2010

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2010, the undersigned, placed a copy of the foregoing **DEFENDANT'S MOTION TO EXTEND DISCOVERY AND OTHER DESIGNATED SCHEDULING ORDER DEADLINES FOR (90) NINETY DAYS** in the U.S. Mail, postage prepaid, addressed as follow:

> Robert L. Betts
> 612 Park Drive
> Kerens, TX  75144
> Tel: (903) 396-7224
> Fax: (903) 396-7588

By: _/s/ Donna Alper_
Employee of Kamer Zucker Abbott